

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

December 23, 1985

Honorable Bob Bush
Chairman
Committee on Judiciary
Texas House of Representatives
P. O. Box 2910
Austin, Texas    73769

Opinion No. JM-402

Re:   Whether a district judge
whose term expires in 1988 may
be a candidate for probate
judge in 1986

Dear Representative Bush:

You request our opinion on the following question:

> Does any provision of the Texas Constitution or
> statutory law prohibit a district judge who will
> be in the middle of his four-year term at the time
> of the 1986 elections (i.e., will have more than
> one year left on his term at the time of the
> election) from running for a position as a probate
> judge in the 1986 general election?

Article XVI, section 65 of the Texas Constitution provides, in
pertinent part, as follows:

> Staggering Terms of Office — The following
> officers elected at the General Election in
> November, 1954, and thereafter, shall serve for
> the full terms provided in this Constitution:
>
> (a) District Clerks; (b) County Clerks; (c)
> County Judges; (d) Judges of County Courts at Law,
> County Criminal Courts, County Probate Courts and
> County Domestic Relations Courts; (e) County
> Treasurers; (f) Criminal District Attorneys; (g)
> County Surveyors; (h) Inspectors of Hides and
> Animals; (i) County Commissioners for Precincts
> Two and Four; (j) Justices of the Peace.
>
> Notwithstanding other provisions of this
> Constitution, the following officers elected at
> the General Election in November, 1954, shall
> serve only for terms of two (2) years: (a)
> Sheriffs; (b) Assessors and Collectors of Taxes;

> (c) District Attorneys; (d) County Attorneys; (e) Public Weighers; (f) County Commissioners for Precincts One and Three; (g) Constables. At subsequent elections, such officers shall be elected for the full terms provided in this Constitution.
>
> In any district, county or precinct where any of the aforementioned offices is of such nature that two (2) or more persons hold such office, with the result that candidates file for 'Place No. 1,' 'Place No. 2,' etc., the officers elected at the General Election in November, 1954, shall serve for a term of two (2) years if the designation of their office is an uneven number, and for a term of four (4) years if the designation of their office is an even number. Thereafter, all such officers shall be elected for the terms provided in this Constitution.
>
> Provided, however, _if any of the officers named herein shall announce their candidacy_, or shall in fact become a candidate, in any General, Special or Primary Election, for any office of profit or trust under the laws of this State or the United States other than the office then held, _at any time when the unexpired term of the office then held shall exceed one (1) year, such announcement or such candidacy shall constitute an automatic resignation of the office then held_, and the vacancy thereby created shall be filled pursuant to law in the same manner as other vacancies for such office are filled. (Emphasis added).

Because article XVI, section 65, does not mention district judges, the automatic resignation provision does not apply to district judges. The United States Supreme Court upheld article XVI, section 65, against a claim that the application of the resign-to-run provision to some public officials and not to others violated the equal protection clause of the Fourteenth Amendment. Clements v. Fashing, 457 U.S. 957 (1982).

We are aware of no similar provision that applies to district judges. But see Code of Judicial Conduct, Canon 7, V.T.C.S. Title 14-App. (concerning political activity by judges); see also Tex. Const. art. V, §1-a(6)(A) (willful violation of Code of Judicial Conduct is grounds for removal).

## S U M M A R Y

The resign-to-run provision of article XVI, section 65, of the Texas Constitution does not apply to district judges.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General